**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTER DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| *In re:* | * | |
| YEON HEE BURGOS | * | BANRKUPTCY NO. 16-12949-RGM |
| Debtor | * | CHAPTER 7 |
| YING YU XUAN | * | |
| Plaintiff | * | Adv. Pro No. |
| v. | * | |
| YEON HEE BURGOS | * | |
| & | * | |
| JIN YOUNG KIM | * | |
| Defendants | * | |

**COMPLAINT**

INTRODUCTION

1.      This is an action brought by Plaintiff to 1) determine the dischargeability of the debt owed by Defendant Yeon Hee Burgos to Plaintiff Ying Yu Xuan and 2) seek a declaratory judgment rendering void the sale of a business from Defendant Yeon Hee Burgos to Defendant Jin Young Kim.

JURISDICTION AND VENUE

2.      This is a core proceeding as defined by 28 U.S.C. § 157, and this is a matter arising in a case under Title 11.

3. This Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 157(b) and § 1334.

4. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§1331 and 1337.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Ying Yu Xuan ("Plaintiff") is a creditor in the underlying Chapter 7 bankruptcy case.

7. Defendant Yeon Hee Burgos is the debtor in the underlying Chapter 7 bankruptcy case.

8. Defendant Jin Young Kim a natural person residing in the Commonwealth of Virginia.

## FACTUAL ALLEGATIONS

9. The Debtor filed under Chapter 7 of the United States Bankruptcy Code on March 11, 2016.

10. On or about February 3, 2014, Plaintiff and Defendant entered into a "Co-Investment and Operation Agreement" (the "Agreement") in order to begin a massage business (the "Business"). A copy of this document is attached as **Exhibit A**.

11. As part of the Agreement, each party was to contribute $50,000.00; Plaintiff's contribution comprised of $30,000.00 in the form of cash, and $20,000.00 in the form of a loan to Defendant.

12. When the parties began the business, they had taken over the lease of an existing tenant, Rich Therapy, Inc, whose lease ended in October 2015.

13. Neither party signed on to that existing lease, so they were to sign a new lease with the Landlord, Shabir Moosvi.

14. At some point thereafter, while Plaintiff was away completing her massage certification requirements, Defendant sold the Business to Defendant Jin Young Kim, without Plaintiff's consent.

15. Defendant realized approximately thirty four thousand dollars (USD $34,000.00) from this sale. A copy of the sales agreement is attached as **Exhibit B**.

16. Prior to the sale, Defendant Jin Young Kim knew that Plaintiff owned a 50% share of the Business, and that she had not agreed to the sale of the Business.

17. At a later date, Plaintiff attempted to enter the Business and Defendant Jin Young Kim called the police and had Plaintiff escorted from the premises.

18. Defendant Yeon Hee Burgos has refused to give Plaintiff her share of the proceeds of the sale.

19. Defendant Jin Young Kim has refused to acknowledge that Plaintiff still has an ownership interest in the Business.

### COUNT I. DETERMINATION OF NONDISCHARGEABILITY AS TO DEFENDANT YEON HEE BURGOS

20. Plaintiff repeats and re-alleges the preceding paragraphs as though more fully set forth herein.

21. The Virginia Uniform Partnership Act governs as the parties' business is designated a partnership by Va Code Ann. § 50-73.88.1.

22. Defendant's sale of the property without Plaintiff's knowledge or consent, and her refusal to turn over the proceeds is a breach of her fiduciary duty of care and loyalty to Plaintiff, as defined by Va Code Ann. § 50-73.102.

23. Accordingly, Defendant's financial obligation to Plaintiff should be considered non-dischargeable pursuant 11 USC 523(a)(4).

24. Additionally, Defendant's refusal to pay Plaintiff her share of the proceeds makes the former liable for punitive damages. See *PGI, INC. v. Rathe Productions, Inc.*, 576 S.E.2d 438, 444 (Va., 2003).

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Yeon Hee Burgos:

a) For a determination that Defendant owes Plaintiff a nondischargeable debt of $17,000.00; or alternatively, a declaratory order that the sale of the business was void;

b) For an award of punitive damages in an amount to be determined by this Court;

c) For an award of costs of litigation and reasonable attorney's fees against Defendants, and for Plaintiff; and

d) For such other and further relief as this Court deems necessary and proper.

**COUNT II. DECLARATORY JUDGMENT THAT THE SALE OF THE BUSINESS IS VOID**

25. Plaintiff repeats and re-alleges the preceding paragraphs as though more fully set forth herein.

26. At the time of the sale of the Business, Defendant Yeon Hee Burgos only possessed a 50% ownership interest.

27.     Accordingly, Defendant Burgos's purported sale of the Business is void as she could not convey what she did not own.

WHEREFORE, Plaintiff prays of this Court for the following relief

a) A declaratory judgment the sale of the Business is void, or in the alternative that Defendant Jin Young Kim only purchased Defendant Yeon Hee Burgos's 50% share of the Business.

b) An Order requiring Defendant Jin Young Kim provide an accounting for the Business from November 2015 to present.

c) For such other and further relief as this Court deems necessary and proper.


Respectfully submitted this 5th day of December, 2016,

**/s/ Jeremy C. Huang**
Jeremy C. Huang, VSB 76861
WOEHRLE DAHLBERG JONES YAO, PLLC
10615 Judicial Dr., Suite 102
Fairfax, VA 22030
(T) 703-755-0214 / (F) 571-285-0065
jhuang@lawfirmvirginia.com